(Supreme Court, Appellate Division, Second Department.   January 26, 1912.)

APPEAL AND ERROR (§ 799*)—MOTION TO DISMISS APPEAL—OPPOSING AFFIDA-
VITS—SUFFICIENCY.

On motion to dismiss an appeal for want of prosecution or other neg-
lect, a party contesting the motion, in addition to affidavits stating facts
excusing the delay, must also submit affidavits stating concisely the facts
out of which the controversy arose, the questions of law and fact in-
volved, and showing that the appeal is meritorious, under the express
provisions of the Supreme Court rule adopted October 4, 1910.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3158–
3160; Dec. Dig. § 799.*]

In the matter of the probate of the last will and testament of El-
len Haggerty.   On motion to dismiss appeal.   Motion held for further
proceedings.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and
WOODWARD, JJ.

Charles A. Webber, for the motion.
Edward T. Curran, opposed.

PER CURIAM.   This is a motion by the respondent to dismiss the
appeal for lack of prosecution thereof.   The affidavits in opposition
are silent with respect to the special rule adopted by this court on
October 4, 1910.   Inasmuch as there are frequent violations thereof,
we think it advisable to call the attention of the bar in this formal
way to the rule, which is as follows:

"When a motion is made to dismiss an appeal for want of prosecution or
other neglect, the party desiring to oppose such a motion, in addition to affi-
davits stating facts excusing the delay, must also submit affidavits stating
concisely the facts out of which the controversy arose and the questions of
law and fact involved in the said appeal, and showing that the appeal is a
meritorious one."

This motion will be held for five days, so as to afford opportunity
to the appellant to submit such further papers as may be deemed
advisable.   But the action of the court in this instance is not to be
regarded as a precedent.   All concur.

---

## FITZPATRICK v. HOWARD.

(Supreme Court, Appellate Division, Second Department.   January 26, 1912.)

1. NEW TRIAL (§ 77*)—MISCONDUCT OF JURY.

Plaintiff in an action for money received having claimed only $1,152.
there being no evidence that defendant had received more than $900.
even if he was not entitled to retain what he received, the inexcusable
error of rendering a verdict for $1,532.82, evidently predicated on a re-
ceipt in evidence, entitles defendant to a new trial on the ground of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jury, capable of such a misunderstanding of the evidence, being incapable of making a just decision.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 157–161; Dec. Dig. § 77.*]

2. ATTORNEY AND CLIENT (§ 128*)—ACTION—EVIDENCE.

A writing by which plaintiff retained defendant as attorney to do services for which he was to receive $1,000, in an action for $900, which plaintiff claims defendant received for her, but which defendant claims was paid him to discharge plaintiff's obligation for such $1,000, there having previously been paid $100 thereon, is admissible, both to meet plaintiff's testimony that she never signed a paper employing defendant to represent her, and to illustrate that defendant was entitled to receive the money; there being evidence that he received it some time after the making of the contract, during which time he may have earned the $1,000.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 128.*]

Appeal from Trial Term, Kings County.

Action by Joanna T. Fitzpatrick against John P. Howard. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, THOMAS, CARR, WOODWARD, and RICH, JJ.

Stephen C. Baldwin, for appellant.

Edward T. Curran, for respondent.

THOMAS, J. On August 22, 1905, plaintiff received from the defendant, acting as a lawyer for her or her family, or both, a check for $1,552.50 drawn by an insurance company. This money was turned over by the plaintiff to one Langan, and through the plaintiff's importunity Langan undertook to return the money, and a meeting for that purpose was arranged at defendant's office. At the meeting were the plaintiff, her daughter, Mrs. Curran, the wife of respondent's attorney, Langan, and defendant. A sum of money was delivered by Langan at that time. The plaintiff's testimony, supported by that of her daughter, is that Howard received the money. The defendant's testimony is that Langan handed the money to the plaintiff, who delivered it to her daughter to count, whereupon the mother directed her to take out $900 and pay it to the defendant, which the daughter did, and that the mother retained the balance, whatever it was. The plaintiff and her daughter state that neither of them had the money or counted it. The defendant states that he had none of it, save the $900 paid to him.

Defendant's testimony is to the effect that previous to this meeting the plaintiff had said to him that she wished to arrange to pay him $900, which she owed him, presumably under a contract for services, and discontinue certain litigations, and that she and her daughter came to his office for the purpose of receiving the money from Langan and making such payment, and that $900 was delivered to him at that time for the purpose of discharging her obligation of $1,000, whereof $100 had been earlier paid. This the plaintiff disclaims. It does not appear, from the evidence of the plaintiff or her daughter or the de-

fendant, how much money was paid at the time, save as the defendant admits that he received $900. The defendant participated in the delivery to Langan of a receipt for $1,552.50, but this receipt is dated October 2, 1905. However, the defendant admits that a receipt was given at that time. The jury returned a verdict for $1,532.82, and judgment was entered for that amount. The verdict must have been predicated upon the receipt. This was an entire misapprehension. The plaintiff claimed only $1,152.

[1] I consider that a jury capable of such a misunderstanding of the evidence was incapable of making a just decision. The respondent's attorney concedes that the money paid was no more than $1,-152.50, and then states that the jury found that amount. This is in contradiction of the clerk's minutes and the judgment. It is within the power of the court to reduce the verdict; but the only sum to which it could be reduced under the evidence is $900, for there is not the slightest proof that $1,152.50 was paid. Howard did receive $900. He states that the plaintiff retained an amount, but what the total amount is does not appear. I consider that, in view of an error so inexcusable, there should be a new trial.

[2] Another question arises: Plaintiff states that the meeting at Howard's office was on September 25, 1905. She repeats this date in her evidence from time to time. Her daughter fixes the date of the meeting as of September 25th, although she later is doubtful whether it was not in October. Howard fixes the date as September 25th. Later he states that it was subsequent to a retainer, and regards October as the month. The receipt was dated October 2, 1905, and probably that was the date when the money was paid. But on September 25th the plaintiff and her children had, in writing, retained the defendant to do work, for the performance of which he was entitled to receive $1,000, as defendant would show by a retainer which was excluded. If the retainer was executed at the time of the meeting, the defendant could not have done the work under it and been entitled to use it for the purpose of aiding the probability that he was testifying truly respecting the purpose for which the money was paid. But if the money was paid in October, it is possible that the defendant might have earned the $1,000, and that he was entitled to receive his pay therefor. The plaintiff had testified that she never signed a paper or retainer employing him to represent her. To meet this statement, and to illustrate that the defendant was entitled to receive the money which he says he did receive in payment of the fee promised him, the retainer should have been received in evidence. It is unnecessary to consider the question of an attorney's lien, beyond the suggestion that such lien is not pleaded.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur; HIRSCHBERG, J., in result.